## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THE PROTECT DEMOCRACY PROJECT, INC., | ) | |
| 2020 Pennsylvania Avenue, NW, #163, | ) | |
| Washington, DC 20006 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 17-2409 |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE | ) | |
| 950 Pennsylvania Avenue NW | ) | |
| Washington, DC 20530 | ) | |
| | ) | |
| Defendant. | ) | |

## <u>COMPLAINT</u>

1.      Plaintiff, The Protect Democracy Project, Inc. ("Protect Democracy"), brings this action against Defendant, U.S. Department of Justice ("DOJ" or "the Department"), to compel compliance with the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  Plaintiff alleges as follows.

2.      Plaintiff Protect Democracy seeks to compel the release of documents about whether anyone in the Trump Administration has improperly interfered with the Department's review of the merger between AT&T and Time-Warner, or has acted in that matter based on the President's personal dislike of CNN's protected speech.

3.      In authoritarian systems, those in power wield the machinery of government to silence or punish their critics and reward their allies.  In the United States, the law applies to all in an even-handed manner, no matter how they are viewed by those in power.  The Department of Justice, in particular, has an obligation to ensure "equal justice under law" as the motto on its building declares.

4.      Throughout his time in office, President Trump has threatened to deploy the levers of government against those who might criticize him or report the truth.  For example, he has threatened to use the antitrust authorities to punish the owner of *The Washington Post*, has called for journalists to be fired by their employers, and has threatened to revoke the broadcast licenses of media networks he dislikes.

5.      While any improper use of government authority to punish critics or reward supporters would pose a grave threat to our constitutional system, that threat is particularly acute in a situation in which the government uses or appears to use its regulatory authority to punish media entities or others who are critical of the government.  Such behavior could chill criticism, endangering the kind of free and open speech and debate that our Founders enacted the First Amendment to protect precisely because it is necessary for self-government.

6.      Benjamin Franklin called freedom of speech the "principal pillar" of a free society, and saw it as the primary bulwark against tyranny.  A leader with the power to "punish for words," he wrote, "would be armed with a weapon most destructive and terrible."

7.      In this respect, the President's public statements about the news network CNN have been especially troubling.  President Trump has repeatedly singled out and attacked CNN, calling it "fake news" and "garbage." He has even gone so far as to tweet a video showing him physically attacking the network's logo, concluding the tweet with a refashioning of the logo as "FNN: Fraud News Network."

8.      CNN, through its parent company Turner Broadcasting, is owned by Time-Warner, which has sought Justice Department review of a proposed merger with AT&T.

9.      The antitrust laws serve a critically important role in our country, protecting the American public against the dangers of consolidated market power.  The Justice Department's Antitrust Division plays an essential function in reviewing proposed mergers for compliance with our antitrust laws.

10.      It is critical to the effectiveness of the Antitrust Division, and the American people's confidence in the Justice Department, that it consider each matter before it strictly based on the law and facts at issue, without regard to any political considerations.

11.      Administrations of both parties have long had policies in place that prohibit the White House from getting involved in or interfering with the Justice Department's consideration of party-specific matters.

12.      It would be particularly dangerous and pernicious if there were political interference in a specific antitrust matter based on the free speech of parties to the antitrust matter – all the more so when this involves a press entity.

13.      Recent news reports have indicated that political appointees in the Trump Administration may be intervening in this particular antitrust matter because of President Trump's dislike for CNN's news coverage.

14.      According to an article in the *New York Times* on November 9, 2017, at a recent meeting, "Justice Department officials called on AT&T to sell Turner Broadcasting — the group of cable channels under the Time Warner banner that includes CNN — as a potential requirement for gaining government approval."  As the article explains, "A central component of the dispute, according to people from both companies and the Justice Department, is CNN — the network that Mr. Trump has frequently attacked as a purveyor of 'fake news.'"

15.     Indeed, according to reporting, President-elect Trump raised his irritation with CNN directly with AT&T CEO Randall Stephenson in January at a meeting in Trump Tower. Trump tweeted that same day that "CNN is in a total meltdown" and "their credibility will soon be gone."

16.     Before he joined the Trump Administration, Trump's head of the Antitrust Division, Makan Delrahim, stated in an interview that he did not see this merger as a particular problem.  According to news reports, however, Delrahim – who worked in Trump's White House before taking over the Antitrust Division – has recently changed his position.  As a commentator wrote in a November 8, 2017 essay in the *New York Times*, "Maybe [Delrahim] has had a legitimate change of heart about the arrangement since inspecting the deal more closely from his perch at the Justice Department.  But his new boss has left him with some troubling appearances."

17.     In this case, the President's conduct has already created, at a minimum, an appearance of bias in this process.  That appearance alone is injurious to the free marketplace of ideas our Founders sought to create.  But if the Justice Department's consideration of this merger has been infected by more than just an appearance of bias – if actual improper interference has taken place – that is even more problematic.

18.     There are at least some experts who believe it may have.  As one commentator wrote in a November 8 article on CNBC, "The elephant in the room is that CNN is a major thorn in President Donald Trump's side.  CNN has certainly produced its fair share of coverage critical of the president.…This move using the antitrust division of the Justice Department, which would financially orphan CNN, is a new and more disturbing development."

19.     At a minimum, the American people deserve to know whether the Antitrust Division's consideration of this issue has been infected by improper considerations. The American people must have confidence that all decisions are based on the law and the facts, and not whether particular parties are politically well-connected or, in contrast, a thorn in the President's side.

20.     As set forth below, Protect Democracy submitted a freedom of information request for records reflecting communications between or among Justice Department and White House staff, including Mr. Delrahim, regarding the Department's review of this merger. Protect Democracy seeks to compel production of these records because the Department has not responded adequately to this request in the time required by law.

## JURISDICTION AND VENUE

21.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

22.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

23.     Plaintiff Protect Democracy is an organization with 501(c)(3) status, incorporated under the laws of the District of Columbia, and headquartered at 2020 Pennsylvania Avenue, NW, #163, Washington, DC 20006. Plaintiff's mission is to protect our democracy from descending into a more autocratic form of government by preventing those in power from depriving Americans of a free, fair, and fully-informed opportunity to exercise ultimate sovereignty. As part of this mission, Plaintiff seeks to inform public understanding of operations and activities of the government by gathering and disseminating information that is likely to contribute significantly to the public understanding of executive branch operations and activities.

5

Plaintiff regularly requests such information pursuant to FOIA.  Plaintiff intends to give the

public access to documents transmitted via FOIA on its website, www.protectdemocracy.org,

and to provide information about and analysis of those documents as appropriate.

24.     Defendant DOJ is an agency of the executive branch of the federal government of

the United States.  Defendant is headquartered at 950 Pennsylvania Avenue, NW, Washington,

DC 20530.  Defendant has possession, custody, and control of the documents that Plaintiff seeks

in response to its FOIA request.

<h2 style="text-align:center"><u>STATEMENT OF FACTS</u></h2>

<i>Plaintiff's FOIA Request</i>

25.     On the morning of July 12, 2017, Plaintiff sent to Defendant a FOIA request

(dated July 11, 2017) seeking the following records:

(1) All communications, including but not limited to emails or calendar entries,
regarding the July 5, 2017 article in The New York Times entitled "The
Network Against the Leader of the Free World"
(https://www.nytimes.com/2017/07/05/business/media/jeffrey-zucker-
cnntrump.html?_r=0).

(2) All communications, including but not limited to emails or calendar entries
that are to, from, between, or among Department of Justice staff, including but
not limited to Attorney General Jeffrey Sessions, and White House staff,
including but not limited to Makan Delrahim and Stephen ("Steve") Bannon,
including but not limited to their official email addresses ending in
"who.eop.gov," regarding:
   a. the proposed merger between AT&T and Time Warner;
   b. the Department of Justice's review of or action regarding the proposed
      merger between AT&T and Time Warner;
   c. the firing, resignation, or other departure of Jeffrey Adam ("Jeff")
      Zucker from his position as president of CNN.

(3) In addition to the records requested above, we also request records describing
the processing of this request, including records sufficient to identify search
terms used and locations and custodians searched, and any tracking sheets
used to track the processing of this request.  If your agency uses FOIA
questionnaires or certifications completed by individual custodians or

6

components to determine whether they possess responsive materials or to describe how they conducted searches, we also request any such records prepared in connection with the processing of this request.

The timeframe for this request is January 20, 2017 through the date that searches are conducted for records responsive to this FOIA request.

*See* Exhibit A (FOIA request).

26.     Plaintiff also requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) or 5 U.S.C. § 552(a)(4)(A)(ii)(II).  *See* Exhibit A.

27.     Plaintiff's request was submitted by facsimile to DOJ's Office of Information Policy ("OIP") and DOJ's Antitrust Division.

*DOJ's Responses to the FOIA Request*

28.     On August 7, 2017, Plaintiff received a letter from Defendant's OIP division that acknowledged receipt of Plaintiff's FOIA request and identified the case reference numbers as assigned to the DOJ component offices of the Attorney General, the Deputy Attorney General, and Public Affairs.  *See* Exhibit B (DOJ OIP letter).

29.     OIP's acknowledgment letter stated that records sought by Plaintiff's request would "require searches in other Offices, and so your request falls within 'unusual circumstances.' See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii)." The letter also identified the request as having been assigned to the "complex track." Based on the "unusual circumstances" of the records, and the designated complexity of the request track, OIP indicated that it would require ten additional days beyond the statutory time limit to respond.

30.     The OIP letter suggested to Plaintiff that, "[i]n an effort to speed up our process, you may wish to narrow the scope of the request to limit the number of potentially responsive records so that it can be placed in a different processing track.  You can also agree to an

alternative timeframe for processing, should records be located; or you may wish to await the completion of our records search to discuss either of these options.  You may also contact the Office of Government Information Services (OGIS) of the National Archives and Records Administration to inquire into the FOIA mediation services they provide." *See* Exhibit B.

31.     Furthermore, as to Plaintiff's request for a fee waiver, OIP stated that it had not yet made a decision, but "will do so after we determine whether fees will be assessed for this request." *See* Exhibit B.

32.     Finally, OIP expressed "regret" for "the necessity of the delay," but "assure[d]" Plaintiff that "your request will be processed as soon as possible." *See* Exhibit B.

33.     On August 31, 2017, Plaintiff received a letter via email from the DOJ Antitrust Division acknowledging receipt of the FOIA request and assigning it a case reference number. In that letter, the DOJ Antitrust Division responded to the request as follows:

> With respect to item (1) of your request, please be advised that we conducted a search, but we were unable to locate any responsive records.
>
> With respect to item (2) of your request, we located and referred a one-page responsive document to the Office of Information Policy ("OIP") for a determination of its public availability and direct response to you.
>
> Item (3) of your request essentially asked us to create records as we searched for responsive documents.  The FOIA does not require agencies to create records to respond to requests.  We will inform you that in searching for documents responsive to your request, a search for emails was conducted for relevant personnel in the Office of the Acting Assistant Attorney General for Antitrust. We also contacted Division staff involved with the ongoing investigation of the AT&T/Time Warner investigation and requested a search.  The search terms used were the following domain names: @whitehouse.com; @who.eop.com; @nytimes.com; @cnn.com; and @turner.com.  Also, a separate search for White House correspondence was conducted.

*See* Exhibit C (DOJ Antitrust Division letter).

34.     To date, Defendant has failed to make the required determination and notifications.  Nor has Defendant made a determination regarding Plaintiff's request for a fee waiver.

## COUNT I

### (Violation of FOIA, 5 U.S.C. § 552)

35.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

36.     Defendant is in violation of FOIA by failing to respond to Plaintiff's request within the statutorily prescribed time limit and by unlawfully withholding records responsive to Plaintiff's request.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) Order Defendant, by a date certain, to conduct a search that is reasonably likely to lead to the discovery of any and all records responsive to Plaintiff's request;

(2) Order Defendant, by a date certain, to demonstrate that it has conducted an adequate search;

(3) Order Defendant, by a date certain, to produce to Plaintiff any and all non-exempt records or portions of records responsive to Plaintiff's request, as well as a *Vaughn* index of any records or portions of records withheld due to a claim of exemption;

(4) Enjoin Defendant from improperly withholding records responsive to Plaintiff's request;

(5) Order Defendant to grant Plaintiff's request for a fee waiver;

(6) Grant Plaintiff an award of attorney fees and other reasonable litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E);

(7) Grant Plaintiff such other relief as the Court deems appropriate.

Respectfully submitted,

Date: November 9, 2017

/s/ *Justin Florence*
JUSTIN FLORENCE (Bar No. 988953)
    Justin.Florence@protectdemocracy.org
KRISTY PARKER (*pro hac vice* forthcoming)
    Kristy.Parker@protectdemocracy.org
The Protect Democracy Project, Inc.
2020 Pennsylvania Avenue., NW, #163
Washington, DC 20006
Phone: 202-599-0466
Fax: 929-777-8428
*Counsel for Plaintiff*