**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THE PROTECT DEMOCRACY PROJECT, INC.,

Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No. 1:17-cv-02409 (KBJ)

## ANSWER TO AMENDED COMPLAINT

Defendant United States Department of Justice ("DOJ" or "defendant"), through its undersigned counsel, hereby answers the Amended Complaint (ECF No. 12) ("Amended Complaint") filed by plaintiff The Protect Democracy Project, Inc. ("plaintiff"), on February 9, 2018, as follows:

## FIRST DEFENSE

Plaintiff is not entitled to information that is exempt from disclosure under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## SECOND DEFENSE

The Court lacks subject-matter jurisdiction to the extent that plaintiff has failed to exhaust its administrative remedies.

Amended Complaint as set forth below:

1. Paragraph 1 consists of plaintiff's characterization of this lawsuit, to which no response is required.

2. The allegations in paragraph 2 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

3. Admitted.

4. The allegations in paragraph 4 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

5. Paragraph 5 consists of plaintiff's characterization of its FOIA request and of the present lawsuit, to which no response is required.

6.-11. The allegations in paragraphs 6-11 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

12. The first sentence of paragraph 12 consists of a legal conclusion, to which no response is required. Defendant admits the second sentence of this paragraph.

13.-24. The allegations in paragraphs 13-24 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

25. Defendant admits that the Antitrust Division of DOJ ("Antitrust") and the Office of Information Policy of DOJ ("OIP") each received FOIA requests from plaintiff in July and November, 2017. The remaining allegations of the first sentence of paragraph 25 consist of plaintiff's characterization of the referenced FOIA requests, to which no response is required. Defendant respectfully refers the Court to those requests for a full and accurate statement of their contents. The second sentence of this paragraph consists of plaintiff's characterization of this lawsuit and plaintiff's legal conclusions, to which no response is required.

26. Paragraph 26 consists of plaintiff's legal conclusions regarding jurisdiction, to which no response is required.

27. Paragraph 27 consists of plaintiff's legal conclusions regarding venue, to which no response is required.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Defendant admits the first and second sentences of paragraph 29. The third sentence of this paragraph consists of plaintiff's legal conclusions, to which no response is required.

30. Defendant admits that OIP received a FOIA request by fax from plaintiff on July 11, 2017, and that Antitrust received the same FOIA request from plaintiff on July 12, 2017. The remaining allegations of paragraph 30 consist of plaintiff's characterization of the referenced FOIA request, to which no response is required. Defendant respectfully refers the Court to that request for a full and accurate statement of its contents.

31. Admitted.

32. Defendant admits the first sentence of paragraph 32. Defendant further admits that the referenced FOIA request was also submitted to DOJ's Antitrust Division. The remainder of the second sentence of this paragraph consists of plaintiff's characterization of this lawsuit and of its FOIA requests, to which no response is required.

33.-37. Defendant admits that OIP sent a letter dated August 7, 2017, which is included as Exhibit B to the Amended Complaint, but is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 regarding when plaintiff received this letter. The remaining allegations of paragraphs 33-37 consist of plaintiff's characterization of OIP's August 7, 2017, letter, to which no response is required. Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents.

38. Denied, except to admit that, to date, OIP has not made a final determination on this request.

39. Defendant admits that OIP and Antitrust each received a FOIA request from plaintiff dated November 1, 2017. The remaining allegations of paragraph 39 consist of plaintiff's characterization of the referenced FOIA request, to which no response is required. Defendant respectfully refers the Court to that request for a full and accurate statement of its contents.

40. Admitted.

41. Admitted.

42.-46. Defendant admits that Antitrust sent the referenced letter but is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 regarding when plaintiff received the letter. The remaining allegations of paragraphs 42-46 consist of plaintiff's characterization of the referenced letter, to which no response is required. Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents.

47.-52. Defendant admits that OIP sent the referenced letter but is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 regarding when plaintiff received the letter. The remaining allegations of paragraphs 47-52 consist of plaintiff's characterization of the referenced letter, to which no response is required. Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents.

53. The first sentence of paragraph 53 is denied, except to admit that, to date, defendant has not made a final determination on the referenced requests. Defendant admits the second sentence of this paragraph.

54. Defendant incorporates by reference its answers to paragraphs l through 53 of the Amended Complaint.

55. Paragraph 55 consists of plaintiff's legal conclusions, to which no response is required.

The remaining paragraphs of the Amended Complaint contain plaintiff's requested relief, to which no response is required. To the extent a response is required, defendant denies the allegations contained in the remaining paragraphs of the Amended Complaint and further avers that plaintiff is not entitled to any relief.

Defendant hereby denies all allegations in the Amended Complaint not expressly admitted or denied.

WHEREFORE, having fully answered the Amended Complaint, defendant asserts that plaintiff is not entitled to the relief requested and respectfully requests that the Court enter judgment dismissing this action with prejudice and awarding defendant costs and such other relief as the Court may deem appropriate.

Dated: February 23, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

MARCIA BERMAN
Assistant Director

*/s/ Carol Federighi*
CAROL FEDERIGHI
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-1903
Email: carol.federighi@usdoj.gov

*Counsel for Defendants*